IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | |
| *ex rel.* LEON A. GREENBLATT III, ) | |
|  ) | |
| Plaintiff, ) | Case No. 11 C 2009 |
|  ) | |
| v. ) | |
|  ) | |
| COMMONWEALTH EDISON COMPANY, ) | |
|  ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Leon A. Greenblatt III ("Plaintiff") has filed a motion to remand this case to the Circuit Court of Cook County on the ground that Defendant Commonwealth Edison Company ("ComEd") untimely filed the notice of removal in violation of 28 U.S.C. § 1446(b), and for fees and costs pursuant to 28 U.S.C. § 1447(c). For the reasons stated herein, the Court grants Plaintiff's motion for remand and denies the motion for fees and costs.

## BACKGROUND

On April 25, 2007, Plaintiff filed this lawsuit in the Circuit Court of Cook County pursuant to the Illinois Whistleblower Reward and Protection Act ("Whistleblower Act"), 740 ILCS § 175/4. (R. 1-2, Compl. ¶ 1.) As required by the Whistleblower Act, Plaintiff originally filed the Complaint under seal. (R. 1-3, Pl.'s Mot. to Lift Seal ¶ 2.) Cook County Circuit Court Judge Bill Taylor, who has presided over this case since its inception, lifted the seal on March 12, 2008. (R. 1-3, Order.) Plaintiff served ComEd with a copy of the Complaint on May 20, 2008. (R. 1-3, Def.'s Memo. in Support of its Mot. to Dismiss, at 3). The case proceeded in Cook County Circuit Court for three years, with Judge Taylor denying ComEd's Motion to

Dismiss on December 1, 2008. (R. 1-3, Order Denying Def.'s Mot. to Dismiss.) The parties spent these years engaging in extensive fact discovery, which is now closed, and conducting expert discovery, which was two months from completion when ComEd removed the case to this court. (R. 14, Memo. in Support of Mot. to Remand, at 1.)

On March 23, 2011, ComEd filed a Notice of Removal pursuant to 28 U.S.C. § 1441, on the basis of federal-question jurisdiction, under 28 U.S.C. § 1331. (R. 1, Not. of Removal ¶¶ 2-5.) ComEd contends that on February 22, 2011, in Plaintiff's Second Supplemental Response to Defendant Commonwealth Edison Company's Rule 213(f)(3) Interrogatories (hereafter, the "Interrogatory Response"), it discovered that Plaintiff's state law claim now necessarily raises an issue of federal law. (*Id.* at ¶ 6.) ComEd asserts that Plaintiff's expert's opinion, quoted in the Interrogatory Response, transforms Plaintiff's state law claim into a federal claim. (R. 1, Not. of Removal ¶ 6.) ComEd alternatively suggests that even if Plaintiff is not asserting a federal claim, the Interrogatory Response necessarily raises a question of federal law that requires construction and interpretation of a federal statute under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). (R. 1, Not. of Removal ¶ 6.) ComEd contends that this question of federal law is substantial and disputed and did not exist at the time the Complaint was filed. (*Id.*)

Plaintiff has not amended his complaint and maintains that he alleges only a violation of the Illinois Electricity Excise Tax Law, 35 ILCS 640/2-1 *et seq.*, based on improper tax credits ComEd took under the Illinois Public Utilities Act ("Illinois PUA"), 220 ILCS § 5/1-101 *et seq*. (R. 14, Memo. in Support of Mot. to Remand, at 1.) Plaintiff filed a timely motion for remand pursuant to 28 U.S.C. 1447(c) on April 20, 2011. (R. 13, Mot. to Remand ¶1.) Plaintiff contends that there is no federal-question jurisdiction and that any federal issues involved are

insubstantial. (*Id.*) Plaintiff further argues that even if federal-question jurisdiction was appropriate, ComEd's removal is untimely, as any implication of federal law has been present since the inception of this suit. (*Id.*)

## LEGAL STANDARD

Federal district courts are courts of limited jurisdiction. *See* U.S. CONST. art. III, § 2. The Court has original subject matter jurisdiction only over actions concerning federal questions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case. 28 U.S.C. § 1441(a). The moving party bears the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Further, federal courts should interpret the removal statute narrowly and resolve any doubt in favor of the plaintiff's choice of forum in state court. *Id.*

Notice of removal must be timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). Two reasons exist for the thirty day limitation. First, "[t]o deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Second, the time limitation serves "to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." *Id.* "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt

by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## ANALYSIS

Congress enacted the Public Utility Regulatory Policies Act ("PURPA") to encourage "cogeneration, small power production, and other alternative sources of electric generation." 16 U.S.C. § 824a-3. PURPA requires that utilities, such as ComEd, purchase energy from certain "Qualified Facilities" at a rate that reflects the highest rate the utility would have paid for equivalent service had it purchased the energy elsewhere. *Id.* at (b). This rate is known as the "Avoided Cost." *See* 18 C.F.R. § 292.101(b)(6). PURPA directs individual states to implement its purpose, *id.* at (f)(1), and Illinois accomplishes this through state statute–the Illinois PUA, 220 ILCS § 5/1-101 *et seq.* The Illinois PUA created the Illinois Commerce Commission ("ICC") to implement its policies. 220 ILCS § 5/2-101. In order to encourage the development of alternative energy production facilities, the State of Illinois further requires utilities, such as ComEd, to purchase electricity from qualified solid waste energy facilities ("QSWEF"), when possible. 220 ILCS §5/8-403.1. The Illinois PUA requires that utilities purchase energy from QSWEF at the "Retail Rate," as defined by the Illinois Administrative Code ("the Code"). *See* 220 ILCS § 5/8-403.1; *see also* 83 Ill. Adm. Code § 445.60(b). Under PURPA, however, a utility cannot be required to pay a rate higher than the Avoided Cost rate. 16 U.S.C. § 824a-3(b). In order to comply with PURPA, while still allowing utilities to pay the QSWEF Retail Rate, the Illinois PUA has established a statutory tax credit scheme. *See* 220 ILCS § 5/8-403.1. The State returns the amount the utility pays the QSWEF in excess of its Avoided Cost in the form of a credit on the utility's monthly energy excise tax. *Id.*

4

In Plaintiff's complaint, he claims ComEd has reported artificially low Avoided Cost data to the ICC, taken improper tax credits pursuant to the Illinois PUA, and in so doing, has deprived the State of Illinois of millions of dollars that it would have otherwise received under the Illinois Electricity Excise Tax Law. (R. 1-2, Compl. ¶21.) Plaintiff alleges violations of state law under the Whistleblower Act. (R. 13, Mot. to Remand ¶ 2.) Plaintiff does not allege any violations of federal law. Indeed, Plaintiff argues that no federal cause of action exists under PURPA to enforce Plaintiff's claim that ComEd violated the Illinois Electricity Excise Tax Law. (R. 14, Memo. in Support of Mot. to Remand, at 10.)

ComEd contends that Plaintiff's expert disclosure indicated for the first time, on February 22, 2011, that the federal statute, PURPA, would not only be relevant as statutory background to the case, but would present a substantial and disputed federal question under *Grable*. (R. 1, Not. of Removal ¶ 6.) The relevant portion of the Interrogatory Response which ComEd claims "triggered removal" is Plaintiff's expert witness James Wilson's opinion that "the cents per kilowatt hour values contained in the Rider 4 and Rider POG filings of ComEd . . . do not accurately reflect ComEd's Avoided Cost consistent with the definition in the *federal PURPA statute and regulations*." (R. 17, Def.'s Resp. to Mot. to Remand, at 5 (emphasis added).)

I.   **Federal Question**

The Supreme Court has held that a federal cause of action is not a necessary condition for federal-question jurisdiction. *Grable*, 545 U.S. at 314. In *Grable*, the Supreme Court held that a dispute could satisfy 28 U.S.C. § 1441(a) if it involved a federal issue that was "actually disputed and substantial." *Id*. In *Grable*, a former landowner brought a quiet title action in state court, arguing that the Internal Revenue Service (IRS) had not given him adequate notice as

required by federal statute. *Id.* The common law quiet title action necessarily depended on an interpretation of the federal tax law's notice requirement. *Id.* Importantly, in *Grable*, the interpretation of the federal law was the *only* contested issue. *See* 545 U.S. at 315.

The Supreme Court clarified *Grable's* holding in *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006), noting that *Grable* exemplifies a special and small category of cases because the federal question "was 'an essential element of [Grable's] quiet title claim'; indeed, 'it appear[ed] to be the only . . . issue contested in the case.'" *Empire Healthchoice*, 547 U.S. at 700 (quoting *Grable*, 545 U.S. at 315). Here, Plaintiff's claim does not depend solely on an interpretation of federal law. The Illinois PUA and the Code implement PURPA. The term Avoided Cost is separately defined in the Code and thus has the full force of Illinois state law. *See* 83 Ill. Adm. Code 445.20 (2011). In *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 908, (7th Cir. 2007), plaintiffs brought tort suits in state court for personal injuries resulting from an airplane crash. Defendants removed the case to federal court, arguing that the claims arose under federal aviation safety law. *Id*. The Seventh Circuit noted that *Empire Healthchoice* squelched the notion that *Grable* "brings within §1331 all actions in which federal law may play an important role." *Bennett*, 484 F.3d at 910 ("What the Court said about *Grable* in *Empire Healthchoice* can be said here too."). As in *Bennett*, this case presents "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law." *Id*. Furthermore, as the *Bennett* Court found important, Plaintiff does not challenge the validity of any federal agency's or employee's action. *Id*. at 910-11. As such, this case does not fall into the "slim category *Grable* exemplifies." *Id*. at 910 (citing *Empire Healthchoice*, 547 U.S. at 700). *See Giles v. Chicago Drum, Inc.*, 631 F. Supp. 2d 981 (N.D.Ill. 2009).

The dispute in this case centers on the action of a utility, ComEd, and its compliance with state statutes – the Illinois Electricity Excise Tax Law and the Illinois PUA. The Interrogatory Response does not create a dispute between the definitions of Avoided Cost in PURPA and the state codifications of Avoided Cost in Illinois PUA and the Code. Indeed, as ComEd brings to the Court's attention in its brief opposing this motion, it explored this issue with Plaintiff at his deposition in October 2010, and Plaintiff specifically testified that he was not alleging any conflict between PURPA and Illinois's implementation of PURPA through the Illinois PUA and the Code. (R. 17, ComEd's Response to Mot. to Remand, at 11.) Despite ComEd's contention, the Interrogatory Response does not raise a federal issue that is actually disputed and substantial, as required under *Grable*. 545 U.S. at 308. Additionally, as has long been recognized, a plaintiff may avoid federal court even though certain federal questions may implicitly arise in his or her claim, as long as the plaintiff is not artfully pleading in order to purposely avoid federal court. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). There is no evidence that Plaintiff has acted improperly here.

## II.     Timeliness of Notice

Even if the Interrogatory Response raises a federal issue that requires construction and interpretation of PURPA, what ComEd characterizes as a "newly discovered" federal question was evident long before February 22, 2011. The exception to the thirty day limit for removal states, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). As is evident from the language of the statute, if the initial complaint *is* removable, this exception is not available and a defendant cannot remove beyond

7

thirty days after receipt of the complaint, regardless of any later pleadings.  The Seventh Circuit has expressly noted that the "removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners North America, Inc.*, 224 F.3d 708, 715 (7th Cir. 2000).  *See also Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 273 (7th Cir. 1982).  Both parties reference PURPA in nearly every document filed in this case.  The Complaint, which Plaintiff served on ComEd on May 20, 2008, draws attention to the importance of PURPA in the first paragraph under the heading, "Factual and Legal Background."  (R. 1-2, Compl. ¶ 7.)

The Interrogatory Response ComEd relies on as a "trigger" for removal conveys no materially new information.  ComEd claims the expert's opinion that ComEd has reported Avoided Costs (in their Rider 4 and Rider POG filings) that "do not accurately reflect ComEd's Avoided Cost consistent with the definition in the *federal PURPA statute and regulations*" raises a new federal issue in this case.  (R. 1-1, Pl.'s Second Supp. Resp. to Def. ComEd's Rule 213(f)(3) Interrog. ¶ 3(ii) (emphasis added).)  ComEd asserts that this statement suggests Plaintiff's claim now contends that the tax credits were "excessive *only* because ComEd calculated them in a way that contravened the federal PURPA."  (R. 17, ComEd's Resp. to Mot. to Remand, at 2 (emphasis in original).)  Plaintiff vehemently disagrees.  (R. 13, Mot. to Remand ¶ 2.)  Additionally, ComEd concludes that the claim is now purely federal because the Interrogatory Response "does not address or even mention the governing PUA and Code sections."  (*Id.* at 5.)  Nearly identical wording alluding to PURPA and its definition of Avoided Cost, however, has appeared in a number of documents far preceding February 22, 2011.  On October 15, 2008, for example, Plaintiff noted that he "discovered that ComEd included in its

8

communications . . . data that understated ComEd's Avoided Cost under PURPA." (R. 1-3, Pl.'s Opposition to Def.'s Mot. to Dismiss, at 3.) In that same brief, Plaintiff describes himself as "a whistleblower who has learned that ComEd is understating its Avoided Cost under PURPA in order to obtain unwarranted tax credits from the state," *id.* at 6, and he states "this Court must simply determine whether ComEd understated its Avoided Cost under PURPA to the Illinois Department of Revenue." (*Id.*) Plaintiff explicitly highlighted PURPA's importance by summarizing the "core allegations" of his Complaint in that brief as follows: "ComEd's true Avoided Costs under PURPA were understated in order to receive inflated tax credits." (*Id.* at 11.) Additionally, ComEd acknowledged Plaintiff's "core allegations" in its reply brief, filed November 6, 2008, noting, "Plaintiff's attack is in fact directly on the 'Avoided Costs under PURPA.'" (R. 1-3, Def. ComEd's Reply in Support of its Mot. to Dismiss, at 2.) This issue has thus figured prominently in the litigation of this dispute since November 2008.

If a federal question existed as to the interpretation of Avoided Cost as defined by the federal statute PURPA, ComEd's own briefs demonstrate that it was evident as early as November 2008.[1] The Interrogatory Response does not convey any materially new information. What ComEd is relying on is not Plaintiff's claim, but the conclusions of Plaintiff's expert witness. Whether an expert may offer legal conclusions as to what PURPA requires and whether

---

[1] In fact, both Plaintiff and ComEd have reiterated throughout the course of this lawsuit that there is no significant distinction between the various definitions of Avoided Cost. As far back as November 6, 2008, in its briefing in support of its Motion to Dismiss, ComEd asserted that "[o]ne Avoided Cost Rate exists: it is determined according to the Illinois Administrative Code, as implemented by PUA and directed by PURPA." (R. 1-3, Def.'s Reply in Support of Mot. to Dismiss, at 8.) ComEd also stated that "the Avoided Cost Rate . . . is the rate mandated by PURPA, implemented by PUA and used to calculate the tax credit," *id*. at 6, and further, "Rider 4 is ComEd's Avoided Cost Rate . . . and it clearly references 83 Illinois Administrative Code Part 430, which by Plaintiff's own admission implements PUA, which in turn implements PURPA." (*Id.* at 7.)

ComEd is in compliance with it is an evidentiary question that is more properly a matter for the state court.[2] *See generally Good Shepard Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). At least one court in this district has found remand appropriate under similar circumstances because the expert disclosures referring to federal statutes presented no materially new information. *See Badal v. Hinsdale Mem'l Hosp.*, No. 06 C 7614, 2007 U.S. Dist. LEXIS 34713, at *12 (N.D. Ill. May 8, 2007.) Thus, any federal claim, if there ever was one, existed long before February 22, 2011. ComEd has failed to comply with the thirty day time requirement of 28 U.S.C. § 1446(b).

## III.     Attorney Fees and Costs

Plaintiff also requests costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees does not require a showing of bad faith. *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999). In contrast to caselaw cited by Plaintiff in support of this motion, however, the Supreme Court has held that a prevailing plaintiff in a motion to remand is *not* presumptively entitled to attorneys' fees and costs under § 1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In *Martin*, the Supreme Court specifically abrogated the standard previously followed in the Seventh Circuit. *Id.* at 136 (considering, but rejecting, the standard in *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), which holds when removal is improper, there is a presumption in favor of awarding fees to plaintiff).

---

[2] In his reply brief, Plaintiff asserts that the Interrogatory Response is in rebuttal to ComEd's Filed Rate Doctrine defense, and thus cannot stand as the basis for removal. (R. 22, Reply in Support of Mot. for Remand, at 8.) The Court need not address this argument in reaching its ruling.

The Supreme Court held that § 1447(c) imposes neither a presumption in favor of remand fee awards nor against fee awards. 546 U.S. at 138-39 ("The statutory language strikes us as more evenly balanced between a pro-award and anti-award position . . . we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied"). The Court in *Martin* determined that a court should award fees only where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Whether to award attorneys' fees is within the discretion of the court. *Tenner*, 168 F.3d at 330.

The Seventh Circuit has applied this "objectively reasonable" test by comparing it to the qualified immunity doctrine, which assumes that state officials have knowledge of existing case law and holds them liable only if their actions violate clearly established and particularized rights. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793-94 (7th Cir. 2007). Both the qualified immunity doctrine and the objectively reasonable standard put forth in *Martin* balance the competing interests between discouraging those who knowingly ignore or violate the law, while still allowing reasonable errors without fear of litigation. *Id.* at 793. Specifically, the "removal statute encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused." *Id.* at 793. Thus, the Seventh Circuit sets out appropriate guidance for determining what is to be considered "objectively reasonable." *Id.* "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Id.* Alternatively, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id.* *See also Wolf v. Kennelly*, 574 F.3d 406, 411-13 (7th Cir. 2009).

The cases cited by Plaintiff in support of his motion for costs and fees are substantially different than the facts of this case – and, as mentioned previously, Plaintiff cites outdated cases that are no longer good law.  Based on Plaintiff's arguments, the Court cannot say that there is clearly established law demonstrating that there was no basis for removal.  Although ComEd's basis for removal is insufficient and untimely, ComEd's argument for removal is not objectively unreasonable, under the standard set out by *Martin*.  For these reasons, the Court exercises its discretion not to award costs and fees in this case.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion and remands this case to the Circuit Court of Cook County.  The Court denies Plaintiff his costs and attorney fees pursuant to 28 U.S.C. § 1447(c).

**Date:** June 27, 2011

                                            **ENTERED**

                                            _____
                                            **AMY J. ST. EVE**
                                            **United States District Court Judge**